IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01059-BNB

SOLOMON B. COHEN,

    Plaintiff,

v.

LT. ANDERSON, Food Services Manager, Douglas County Sheriff's Office,
CAPT. ROBERT McMAHAN, Douglas County Sheriff's Office, and
JOHN S. TATUM, Attorney,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 0 2010

GREGORY C. LANGHAM
                 CLERK

## ORDER OF DISMISSAL

Plaintiff, Solomon B. Cohen, is an inmate at the Federal Detention Center in Englewood, Colorado. Mr. Cohen initiated this action by filing *pro se* a Prisoner Complaint alleging that his constitutional rights have been violated. Mr. Cohen initiated three other actions at about the same time. See *Cohen v. Kai*, No. 10-cv-00889-BNB (D. Colo. filed Apr. 21, 2010); *Cohen v. Lovingier*, No. 10-cv-01312-BNB (D. Colo. filed June 8, 2010); *Cohen v. Kraus*, No. 10-cv-01362-BNB (D. Colo. filed June 11, 2010). In an order filed on June 15, 2010, Magistrate Judge Boyd N. Boland granted Mr. Cohen leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. Pursuant to § 1915(b)(1), Magistrate Judge Boland ordered Mr. Cohen either to pay an initial partial filing fee of $46.00 or to show cause why he has no assets and no means by which to pay the initial partial filing fee. In order to show cause, Mr. Cohen was directed to file a current certified copy of his inmate trust fund account statement.

Mr. Cohen was warned that the complaint and the action would be dismissed without further notice if he failed either to pay the initial partial filing fee or to show cause within thirty days. On July 12, 2010, Magistrate Judge Boland entered a minute order granting Mr. Cohen an extension of time until August 11, 2010 either to pay the initial partial filing fee or to show cause why he is unable to pay the initial partial filing fee.

Mr. Cohen also has been granted leave to proceed *in forma pauperis* pursuant to § 1915 in each of the other three cases listed above and he also has been ordered to pay an initial partial filing fee of $46.00 in each of those cases. On August 9, 2010, Mr. Cohen filed in each of these four cases a document titled "Answer" in which he asks to be allowed to proceed without paying the initial partial filing fee. Mr. Cohen alleges that he has $2.79 in his inmate account and that he cannot afford to pay the initial partial filing fee in any of his cases. Attached to the "Answer" is a certified copy of Mr. Cohen's inmate trust fund account statement that confirms the balance in his inmate account as of August 4, 2010 is $2.79. The inmate account statement also reveals that on June 15, 2010, when Mr. Cohen was ordered to pay an initial partial filing fee in this action, the balance in his inmate account was $165.77, and that as recently as July 30, 2010, the balance in his inmate account was $55.16.

The Court finds that Mr. Cohen has failed to show cause why he is unable to pay the initial partial filing fee. Although Plaintiff currently lacks sufficient funds to pay the initial partial filing fee, he fails to explain why he did not pay the initial partial filing when he had sufficient funds. As discussed above, Mr. Cohen had sufficient funds in his inmate account to pay the initial partial filing fee when he first was ordered to pay an initial partial filing fee and he had sufficient funds to pay the initial partial filing fee as

recently as July 30, 2010. Mr. Cohen's decision to use the funds in his inmate account for other purposes does not demonstrate that he lacked sufficient funds to pay the initial partial filing fee. The fact that Mr. Cohen has chosen to initiate four separate civil actions and that he did not have sufficient funds to pay the total amount of the initial partial filing fees in all of his cases does not alter the Court's conclusion. *See Christensen v. Big Horn Cnty. Bd. of Cnty. Comm'rs*, Nos. 09-8040 & 09-8054, 2010 WL 1627833 (10th Cir. Apr. 15, 2010) (denying motion to order sequential payment of multiple filing fees because § 1915(b)(2) authorizes cumulative deductions of monthly filing fee payments for each civil action or appeal). Accordingly, it is

ORDERED that the complaint and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff failed within the time allowed to pay the initial partial filing fee despite having sufficient funds to do so.

DATED at Denver, Colorado, this  19th  day of  August , 2010.

BY THE COURT:

 s/Philip A. Brimmer 
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01059-BNB

Solomon B. Cohen
Reg No. 36792-013
FCI - Englewood
9595 W. Quincy Ave.
Littleton, CO 80123

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 8/20/10

    GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk